Gen. M. D. Hardin
applied for a re-hearing, by the petition following:
The counsel for the defendant in the original cause, has neither seen, nor heard read, the opinion rendered in this cause; and was not aware, that the-time for asking a revision of that decision, will expire on this day. He can, therefore, only suggest, that if, as he has been informed, the decree is made to turn on the proof of Morrison’s being by and assenting to the • sale made by Jordan to the complainant, this is not half so strong a case, in his opinion, as the case of Hawkins’ heirs vs. King, 2 Marsh. 108, where the court refused relief.
It is also respectfully suggested, that if that act of Morrison was a waiver of his rights then held, it could not destroy the lien which Hickey then held for the purchase money, and which Morrison afterwards, acquired.
Again, Morrison was an executor; does not this decree, in effect, make him, in his individual character and estate, responsible for n parol promise,&rc. in relation to the estate of his testator?
A re-hearing is respectfully requested.
HARDIN, for deft. below.
On which the court delivered the following opinion:
SPRINGLE AND BOBB’S HEIRS to. MORRISON.
WE still think that the principles of the opinion delivered in this case are correct, The pase of Hawkins' *57 heirs vs. King, 2 Marsh. 108, referred to in the petition for a re-hearing, is admitted to be strictly analogous; but tlie opinion delivered in that case, was on a petition for a re-bearing set aside, and the cause was afterwards decided upon different grounds. The opinion ought Hot, therefore, to have been reported, and cannot be-considered as having settled the law, or as affording a precedent entitled to influence in similar cases.
The petition for a re-hearing must be overruled.